AO 91 (Rev. 12/93) Criminal Complaint ◙

## In United States District Court
## For the District of Delaware

UNITED STATES OF AMERICA

Criminal Complaint

v.

CASE NUMBER:   08- *117 - M*

RASHEEM DOLLARD,
        Defendant

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my

knowledge and belief. On or about _July 11, 2008_ in the District of Delaware, Defendant _____

did knowingly:

1) possess in and affecting interstate and foreign commerce, a firearm,  after having been convicted of a felony crime
punishable by imprisonment for a term exceeding one year,
in violation of Title _____18_____ United States Code, Section(s) _922(g)(1) and 924(a)(2); and
2) possess with intent to distribute cocaine base,
in violation of Title _____21_____ United States Code, Section(s) _841(a)(1) and (b)(1)(C)._

I further state that I am sworn as a _Special Deputy U.S. Marshal and am assigned to the ATF_____
and that this complaint is based on the following facts:
        See attached Affidavit

Continued on the attached sheet and made a part hereof:    Yes

_____
                David Rosenblum
                Special Deputy U.S. Marshal assigned to the ATF

Sworn to before me and subscribed in my presence,

_July 11, 2008_____    at _Wilmington, DE_____
Date                                        City and State

Honorable Leonard P.  Stark
_United States Magistrate Judge_____        _____
Name & Title of Judicial Officer                Signature of Judicial Officer

AFFIDAVIT OF PROBABLE CAUSE: ATF Task Force Officer and Special Deputy U.S Marshal David C. Rosenblum

Your Affiant Detective David C. Rosenblum has been a Wilmington Police Officer for over 9 years and is currently assigned as a Task Force Officer (TFO) with the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), whose duties include the investigation into firearms offenses committed in Wilmington, Delaware. Your Affiant has been authorized to seek and execute arrest and search warrants supporting a federal task force through Deputization by the United States Marshal's Service. During this Officer's employment as a Law Enforcement Officer, Your Affiant has authored in excess of 400 felony arrests warrants for crimes, some of which involved illegal narcotics and firearms. Prior to Your Affiant's current assignment, this Officer was assigned to the Wilmington Police Drug, Organized Crime, and Vice Division, Operation Safe Streets Task Force where Your Affiant has conducted over an estimated 1000 investigations into illegal narcotics and/ or firearms offenses whereby, this Officer seized numerous weapons along with large amounts of narcotics and suspected drug proceeds. During Your Affiant's tenure as a Law Enforcement Officer, Your Affiant has received over 275 days of training from the DOJ, FBI, ATF, DEA, DSP, WPD, DOC, Royal Canadian Mounted Police, North East Counter Drug Training, Homeland Security, California Highway Patrol and other law enforcement agencies. Your Affiant has been qualified in Delaware Superior Court and Federal Court, District of Delaware to provide expert testimony on the intent to distribute controlled substances and has testified as an expert in approximately 15 felony drug trials. During the course of previous investigations, Your Affiant has had conversations with federal agents and law enforcement officers with knowledge and/ or expertise in firearms offenses dealing with interstate nexus of firearms crossing state lines thereby affecting interstate commerce.

1.  Unless otherwise stated, the information in this affidavit is based upon Your Affiant's personal knowledge and conversations with other Wilmington Police Officers. Because this affidavit is solely for establishing probable cause, not all facts related to this investigation are included herein.

2.  The events stated below occurred on or about 11 July 2008, in the City of Wilmington, State and District of Delaware, as stated to Your Affiant by a Wilmington Police Officer.

3.  On 11 July 2008, a Wilmington Police Officer told Your Affiant that he, along with his partner, observed the defendant remove a black firearm from his waist band and toss the same onto a residential rooftop.

4.  A Wilmington Police Officer told Your Affiant that the officers apprehended the defendant and that the firearm was recovered from the rooftop by assisting Wilmington Police Department Officers. Your Affiant personally inspected the firearm which is described as a Taurus INT MFG. (Miami FL) PT 138 Millennium, .380 ACP bearing serial number KUB22415 which was made in Brazil. When the firearm was recovered, it had 1 live round in the chamber and 10 in the magazine.

5.   A Wilmington Police Officer told Your Affiant that the defendant was subsequently searched by Wilmington Police Officers. The defendant was found to possess 1 bag of a white substance that field tested positive for cocaine with a weight of 5 grams. The Wilmington Police Officer believed it was cocaine base, and from the description provided by said Wilmington Police Officer, your affiant believes the substance to be cocaine base. The bag containing the substance was concealed in his right front pants pocket. In Your Affiant's opinion, through my training and experience, the manner in which the cocaine base was packaged (as described by the reporting officer), in conjunction with the lack of paraphernalia, the defendant's possession of a firearm, and the area that the incident occurred as being well known for drug sales, Your Affiant can say to a degree of certainty that this cocaine base was intended for distribution.

6.   Your Affiant responded to WPD and interviewed the defendant. Your Affiant issued the defendant his Miranda warning and after verbally acknowledging he understood his rights verbally consented to an interview. During the interview, the defendant stated, among other things, that he did possess the firearm and that he discarded the firearm by tossing same onto a roof top.

7.   Your Affiant reviewed the Delaware Justice Information System Database (DELJIS) and verified that Defendant RASHEEM DOLLARD has a previous felony conviction in the New Castle County Superior Court for Possession With Intent to Deliver a Schedule Controlled Substance on or about 29 March 2004 which Your Affiant knows is punishable by more then 1 year in prison.

8.   After physically inspecting the weapon and from my training and experience, and after discussion with an ATF Agent who is expertly trained and experienced in determining the interstate nexus of firearms, Your Affiant believes that the above described weapon is a firearm as defined in 18 U.S.C., Chapter 44, Section 921(a)(3) and was manufactured in another country or state other than Delaware such that its possession in Delaware would have necessarily required that the firearm had crossed national or state lines prior to its possession in Delaware and such that the possession of that firearm in Delaware affected interstate or foreign commerce.

Wherefore, based upon Your Affiant's training and experience, Your Affiant believes that there is probable cause to believe that the defendant violated 18 U.S.C. §§ 922(g)(1) and 924(a)(2), by knowingly possessing in and affecting interstate and foreign commerce a firearm, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year, and also violated 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) by possessing with intent to distribute cocaine base. Accordingly, Your Affiant respectfully requests that the Court issue a Criminal Complaint charging these offenses.

David C. Rosenblum
Task Force Officer, ATF
Special Deputy U.S. Marshal

Sworn to and subscribed in my presence
this 11 day of ___July___ 2008

The Honorable Leonard P. Stark
United States Magistrate Judge